**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) ONEOK HYDROCARBON, L.P.,** | ) | |
| **a Delaware limited partnership;** | ) | |
| **(2) ONEOK UNDERGROUND STORAGE** | ) | |
| **COMPANY, L.L.C., a Kansas limited liability** | ) | |
| **company; and** | ) | |
| **(3) ONEOK NGL PIPELINE, L.L.C., a Delaware** | ) | |
| **limited liability company,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **(1) UNITED STATES DEPARTMENT OF** | ) | **Case No. 12-CV-660-JHP-FHM** |
| **TRANSPORTATION;** | ) | |
| **(2) PIPELINE AND HAZARDOUS MATERIALS** | ) | |
| **SAFETY ADMINISTRATION;** | ) | |
| **(3) RAY LAHOOD,** *in his official capacity as* | ) | |
| **Secretary, U.S. Department of Transportation; and** | ) | |
| **(4) CYNTHIA L. QUARTERMAN,** *in her official* | ) | |
| *Capacity as* **Administrator, Pipeline and Hazardous** | ) | |
| **Materials Safety Administration,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Before the Court are the Report and Recommendation regarding Plaintiffs' Motion for Temporary Restraining Order [Doc. No. 9] and Plaintiffs' Motion for Preliminary Injunction [Doc. No. 10], along with Defendants' Objection to the Report and Recommendation [Doc. No. 34] and Plaintiffs' Objection to the Report and Recommendation [Doc. No. 35].  Also before the Court is Defendants' Motion to Dismiss [Doc. No. 33].  After review of the briefs, and for the reasons stated below, Defendants' Motion to Dismiss is **GRANTED.**  Consequently, the remaining matters before the Court are **DENIED** as **MOOT.**

# I. BACKGROUND

## A. Factual Background

Plaintiffs ONEOK Hydrocarbon, L.P., ONEOK Underground Storage Company, L.L.C., and ONEOK NGL Pipeline, L.L.C. (collectively, "ONEOK") operate a natural gas liquids fractionation plant near Bushton, Kansas (the "Bushton Plant"). In addition to the equipment necessary to complete the fractionation process, the Bushton Plant also has on-site pipeline components. Early in 2012, the Pipeline and Hazardous Materials Safety Administration (the "PHMSA") attempted to schedule an inspection of the Bushton Plant, starting a dialogue between ONEOK and PHMSA regarding whether PHMSA is authorized by the Pipeline Safety Act and Hazardous Liquid Pipeline Safety Act, 49 U.S.C. §§ 60101-137 (the "PSA"), to inspect the Bushton Plant. In response to ONEOK's inquiries, PHMSA issued a series of letters interpreting the PSA and explaining its belief that certain portions of the Bushton Plant are subject to PHMSA regulations. Ultimately, PHMSA scheduled an inspection of the Bushton Plant to commence on Monday, December 10, 2012.

## B. Procedural Background

On December 3, 2012, ONEOK brought this action seeking declaratory relief. [Doc. No. 2]. ONEOK also simultaneously filed a Motion for Temporary Restraining Order [Doc No. 9] and a Motion for Preliminary Injunction [Doc. No. 10], which the Court referred to the Honorable Frank H. McCarthy, United States Magistrate Judge for the Northern District of Oklahoma [Doc. No. 11]. On December 7, 2012, Magistrate Judge McCarthy issued a Report and Recommendation regarding ONEOK's Temporary Restraining Order and ONEOK's Motion for Preliminary Injunction, recommending that both motions be denied. [Doc. No. 26]. On December 10, 2012, this Court ordered the inspection of the Bushton Plant stayed   pending   the

Court's ruling on any objections to Magistrate Judge McCarthy's Report and Recommendation. [Doc. No. 28]. On December 21, 2012, both parties filed their objections to Magistrate Judge McCarthy's Report and Recommendation. [Doc. Nos. 34 and 35]. That same day, Defendants filed a Motion to Dismiss this action pursuant to Fed.R.Civ.P. 12(b) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. [Doc. No. 33].

## C. Pipeline Safety Act

The PSA, 49 U.S.C. §§ 60101 et seq., enacted in 1994, gives the Secretary of Transportation (the "Secretary") regulatory and enforcement authority to take actions to protect the public against risks to life and property posed by pipeline transportation and pipeline facilities. *Id.* at § 60102(a)(1). The PSA also provides the Secretary with broad information gathering powers to assist in carrying out the statute. Specifically, the PSA includes the following provision:

> **(c) Entry and inspection.**--An officer, employee, or agent of the Department of Transportation designated by the Secretary, on display of proper credentials to the individual in charge, may enter premises to inspect the records and property of a person at a reasonable time and in a reasonable way to decide whether a person is complying with this chapter and standards prescribed or orders issued under this chapter.

*Id.* at § 60117 (emphasis original). The PSA requires owners and operators of pipeline facilities to allow entry and inspection of pipeline facilities. *Id.* at § 60118(a)(3). If a pipeline owner or operator declines to permit such entry and inspection of a pipeline facility, the Secretary may issue a compliance order "directing compliance" with Section 60117(c), and clearly stating "the action a person must take to comply." *Id.* at § 60118(b).

These compliance orders are not self-executing. If a pipeline owner or operator declines to comply with a compliance order, the Attorney General, at the request of the Secretary, may bring a civil action in district court

> to require a person to comply immediately with a subpena [*sic*] or to allow an officer, employee, or agent authorized by the Secretary to enter the premises, and inspect the records and property, of the person to decide whether the person is complying with this chapter. The action may be brought in the judicial district in which the defendant resides, is found, or does business. The court may punish a failure to obey the order as a contempt of court.

*Id.* at § 60120.

The Secretary may also impose civil penalties under 49 U.S.C. § 60122 "on a person who obstructs or prevents the Secretary from carrying out inspections or investigations…." *Id.* at § 60118(e)(2)(A).  Before the Secretary may impose these penalties, which are limited to $200,000 for each violation, the regulated entity must be given written notice and an opportunity for a hearing.  *Id.* at § 60122(a).  A separate violation occurs for each day the violation continues, and the maximum civil penalty available for a related series of violations is $2,000,000.  *Id.*  The Secretary is given discretion to determine the amount of any civil penalty imposed; however, the Secretary is required to consider several factors enumerated in the PSA in determining the amount of any civil penalty.  *Id.* at § 60122(b)(1).

The PSA also includes a judicial review provision that provides, in relevant part, the following:

> **(a) Review of regulations, orders, and other final agency actions.**--(1) Except as provided in subsection (b) of this section, a person adversely affected by a regulation prescribed under this chapter or an order issued under this chapter may apply for review of the regulation or order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business. The petition must be filed not later than 89 days after the regulation is prescribed or order is issued. The clerk of the court immediately shall send a copy of the petition to the Secretary of Transportation.

*Id.* at § 60119 (emphasis original).  Although Congress vested the Secretary with the authority to develop, prescribe, and enforce minimum Federal safety standards for gas pipeline facilities in the PSA, the Secretary has delegated this responsibility to PHMSA.  49 C.F.R. § 1.97.

4

## DISCUSSION

### A.  Judicial Review Provision of the PSA

Before a federal court may review the underlying merits of the claim raised by the claimant, plaintiff must fulfill procedural requirements set by federal law for seeking judicial review. Thus, the Court must determine whether Plaintiffs are in the proper forum; and also, whether this Court has jurisdiction over the matter at hand.  The threshold question the Court must first address is whether it has subject matter jurisdiction over the case. In so doing, the Court notes that "federal courts are courts of limited jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. Partnership—1985A v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991).

The PSA, like most modern federal agency enabling acts, contains a judicial review provision.  49 U.S.C. § 60119.  Under most circumstances, these are the provisions to be invoked in challenging agency action.  Indeed, "[i]t is well settled that even where Congress has not expressly stated that statutory jurisdiction is 'exclusive'… a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute." *Telecommunications Research & Action Ctr. v. F.C.C.*, 750 F.2d 70, 77 (D.C. Cir. 1984) ("*TRAC*") (citing *Compensation Department of District Five, United Mine Workers v. Marshall,* 667 F.2d 336, 340 (3rd Cir. 1981); *Assure Competitive Transportation, Inc. v. United States,* 629 F.2d 467, 471 (7th Cir. 1980), *cert. denied,* 449 U.S. 1124 (1981); *Rochester v. Bond,* 603 F.2d 927, 935 (D.C. Cir. 1979); *Investment Co. Institute v. Board of Governors of the Federal Reserve System,* 551 F.2d 1270, 1278–79 (D.C. Cir. 1977)); *see also Whitney National Bank v. Bank of New Orleans & Trust Co.,* 379 U.S. 411, 422 (1965) (where Congress has enacted a specific statutory scheme of review, the statutory mode must be adhered to notwithstanding the absence

of an express statutory command of exclusiveness).  "By lodging review of agency action in the Court of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power."  *TRAC*, 750 F.2d at 77.

Defendants contend that judicial review of any action arising out of the PSA rest exclusive with the United States Courts of Appeals.  [Doc. No. 33 at 6].  Defendants argue that this result is required by the express terms of the judicial review provisions of the PSA, contained in 49 U.S.C. § 60119.  [*Id.*]  Section 60119 of the PSA contains the following judicial review provision:

> **(a) Review of regulations, orders, and other final agency actions.**--(1) Except as provided in subsection (b) of this section, a person adversely affected by a regulation prescribed under this chapter or an order issued under this chapter may apply for review of the regulation or order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business. The petition must be filed not later than 89 days after the regulation is prescribed or order is issued. The clerk of the court immediately shall send a copy of the petition to the Secretary of Transportation.

49 U.S.C.A. § 60119 (emphasis original).

ONEOK argues that PSA's judicial review provision should be interpreted narrowly to channel "to the Courts of Appeals only those cases seeking review of a 'regulation or order' issued pursuant to the PSA."  [Doc. No. 39 at 15].  ONEOK contends that because it does not seek review of a regulation or order, Congress has not vested exclusive jurisdiction over this matter in the Courts of Appeals.  The Court disagrees.

The Court finds that the agency action ONEOK seeks to challenge is easily classified as an order for purposes of the PSA's judicial review provision.  There is no mention in the PSA of what agency action might constitute an order for purposes of judicial review.  *See* 49 U.S.C. § 60101.  However, the Administrative Procedures Act ("APA") defines an order as "a final

disposition … in a matter other than rule making…."  5 U.S.C. § 551(6).  The definition of *order* is essentially a residual definition – *i.e.*, an order is an agency decision that is not a rule.

Further, courts have "construed the word *order* for purposes of special review statutes expansively."  *Northwest Airlines, Inc. v. Goldschmidt,* 645 F.2d 1309, 1313–14 (8th Cir.1981) (emphasis original) (collecting cases for the proposition that courts construe the word "order" expansively under review statutes); *see also City of Dania Beach v. FAA,* 485 F.3d 1181, 1187 (D.C.Cir.2007); *Aviators for Safe & Fairer Regulation v. FAA,* 221 F.3d 222, 225 (1st Cir.2000) (stating that "[t]he term 'order' is read expansively in review statutes generally"); *New York v. FAA,* 712 F.2d 806, 808 (2d Cir.1983); *Gilmore v. Gonzales*, 435 F.3d 1125, 1132 (9th Cir. 2006).  In *Gilmore v. Gonzales*, the Ninth Circuit Court of Appeals interpreted the meaning of "order" in a judicial review provision similar to the PSA's judicial review provision.[1]  *See Gilmore*, 435 F.3d at 1132-33.  The *Gilmore* Court found that finality was the key to determining whether an agency decision was an order under 49 U.S.C. § 46110, explaining:

> "Order" carries a note of finality, and applies to any agency decision which imposes an obligation, denies a right, or fixes some legal relationship. In other words, if the order provides a "definitive" statement of the agency's position, has a "direct and immediate" effect on the day-to-day business of the party asserting wrongdoing, and envisions "immediate compliance with its terms," the order has sufficient finality to warrant the appeal offered by section [46110].

---

[1] The review provision interpreted by the *Gilmore* Court, 49 U.S.C. § 46110, provides in relevant part:

> [A] person disclosing a substantial interest in an order issued by the Secretary of Transportation (or the Under Secretary of Transportation for Security … or the Administrator of the Federal Aviation Administration …) in whole or in part under this part, part B, or subsection (*l* ) or (s) of section 114 may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.

*Id.* (citing *Crist v. Leippe,* 138 F.3d 801, 804 (9th Cir.1998)). Indeed, even a simple notice of an enforcement policy constitutes an order for purposes of judicial review statutes. *See Aviators*, 221 F.3d at 225.

The Court finds PHMSA's decision to inspect the Bushton Plant to be an order for purposes of 49 U.S.C. § 60119. Because, as ONEOK concedes, Congress intended to vest exclusive jurisdiction for regulations and orders in the Courts of Appeals, this Court lacks subject matter jurisdiction. [*Id.* at 15]. Accordingly, this action must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED**, and, consequently, all remaining matters before the Court are **DENIED** as **MOOT**.

James H. Payne
United States District Judge
Northern District of Oklahoma